**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALFRED L. MEDINA,

      Plaintiff-Appellant,

v.

COORS BREWING COMPANY,

      Defendant-Appellee.

No. 99-1463
(D.C. No. 97-M-2502)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Alfred L. Medina had been employed by defendant Coors Brewing Company for thirty-one years when Coors terminated his employment due to

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

excessive absenteeism.  Mr. Medina brought this action asserting, inter alia, that his severe depression caused his absences and that Coors' termination of his employment violated the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654. The district court granted Coors' motion for summary judgment on the FMLA claim, and Mr. Medina appeals.  We review the district court's grant of summary judgment de novo, applying the same standard under Fed. R. Civ. P. 56(c) as the district court.  *See Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).

The relevant facts, viewed in the light most favorable to Mr. Medina, are as follows.  Mr. Medina began missing work in the summer of 1996.  In September 1996, Coors gave him a written warning for these absences and referred him to a counseling program.  He continued to miss work in September and early October, and requested FMLA leave on October 4.  On October 8, his doctor recommended a leave of absence due to severe depression.  Coors granted him a paid leave of absence until December 9, when his doctor released him to return to work. Mr. Medina did not return to work on December 9, nor did he work the remainder of that week or the next.  The plant was closed the following two weeks. Mr. Medina used his vacation time to take off the month of January, and was scheduled to return to work on February 6.  When he failed to do so, Coors gave him a final written warning regarding his absences.  He did not show up for work

on Friday, February 7, or the first three days of the following week. Coors terminated his employment on February 19 for excessive absenteeism.

Mr. Medina first contends that the district court erred in granting summary judgment to Coors because the court found Coors violated his FMLA rights relative to the paid leave of absence. This contention misinterprets the district court's order. The court did not find that Coors violated the FMLA. It found only that Coors could not retroactively designate the eight-week period as FMLA-qualifying leave and that this period could not count against the twelve weeks of leave that Coors was required to make available under the FMLA for serious health conditions preventing an employee from working. *See* 29 U.S.C. § 2612(a); 29 C.F.R. § 825.208(a), (c). Moreover, Mr. Medina fails to explain how Coors' attempt to retroactively designate the eight-week period as FMLA leave comprised or related to an adverse employment decision. *See, e.g.*, *King v. Preferred Technical Group*, 166 F.3d 887, 892 (7th Cir. 1999) (requiring FMLA plaintiff to prove as part of prima facie case that he suffered adverse employment action). We thus reject Mr. Medina's first contention of error.

Mr. Medina next argues that the district court erred in concluding that he did not provide adequate notice of his need for FMLA leave following his return from the leave of absence. FMLA regulations provide that an employee needing leave that is not foreseeable must notify the employer of the need for leave as

soon as practicable, i.e., within one or two working days except in extraordinary circumstances, but the employee does not have to expressly assert rights under or even mention the FMLA. *See* 29 C.F.R. § 825.303(a), (b). "If the employer does not have sufficient information about the employee's reason for taking leave, 'the employer should inquire further to ascertain whether the paid leave is potentially FMLA-qualifying.'" *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 762 (5th Cir. 1995) (quoting 29 C.F.R. § 825.208(a)). "The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Id.* at 764; *see also Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1435 (11th Cir. 1997).

Mr. Medina contends that he was not required to give Coors notice that his absence from work following the leave of absence was due to a serious medical condition because it knew his leave of absence had been due to depression. Like the district court, we reject this argument because Mr. Medina's leave of absence ended when his doctor released him to return to work, and Mr. Medina never subsequently indicated that his inability to work was due to depression. Moreover, in the pretrial order, he stipulated that his February absences were due to personal business and to being "sick." We thus agree with the district court that he did not furnish Coors with sufficient information to apprise it of his need

for leave due to a potentially FMLA-qualifying reason. *See Manuel*, 66 F.3d at 764; *Gay*, 125 F.3d at 1436.

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge